I'm John Osgood. I represent the appellant in this case. This case was originally indicted in the Western District of Missouri on a warrant for murder. felon in possession charge. The case arose out of an incident at a business in Kansas City, a confrontation between the appellant, a friend of his, an employee, and subsequent discussion and seizure of a weapon by the police. There was a motion to suppress file original by prior counsel. I took over the case as appointed counsel after there was a dispute and a falling out between the lawyer who actually did the suppression hearing and the defendant. The suppression hearing lasted, I think, pretty well covered everything. The previous lawyer did not file an objection to the findings of fact and conclusions of law in the court's recommendation. That constitutes, of course, a waiver to appeal the facts in the case beyond what the magistrate's findings were. So I attempted and discussed it with the client. He wanted to go to trial. We were offered, in fact, a Rule 11 reserve plea on the search and seizure. After discussing the case with him, some, we elected to go to trial to hopefully develop further the findings of fact that would support maybe a different conclusion on the underlying search issue. That didn't happen. And quite frankly, I'm going to devote my argument today to the rehab issue, which is the first issue that I raised in the brief and stand on the brief on the search issue unless the court has specific questions about it. I'm glad that's where you're starting, counsel, because I do have some questions. I can let you get started on your position regarding it, but I think I'll probably have some follow up. So go right ahead. Very good. Thank you. As I said, he was indicted in March of 2017, and we went to trial in December of 2018. And at the trial, we went through the numbers, so to speak, and listened to the testimony of the agents and everything. And at the conclusion of the case, as Judge Case does in every case, he questioned the defendant about his right to testify or not testify. The defendant espoused a theory and said he wanted to testify that he was, in fact, not responsible under the statute because he believed himself to be an exempt person. Now, that takes us straight into the language in rehab. And incidentally, I've run all the rehab cases yesterday, as a matter of fact, and I have yet to find one that specifically deals with the factual scenario like we're talking about here. The government, in its brief, concentrates on the fact that he's a prior felon. And they say, you're a felon. It's done. It's over. That's not what rehab said. Rehab said you have to know that he possessed it and that he had the relevant status. I think we have to remember that rehab actually was not a felon in possession case. It was a case involving an immigrant and whether or not he was disqualified because of underlying facts. So how would, given that your client was essentially a proffer to the district court on what he wanted to testify to about, as I understand it, thought he had been perhaps pardoned, how would you anticipate that playing out now post-rehab? How would that play out in an argument to the jury or the jury instructions? Well, your client would take the stand. This is all hypothetical, obviously. Your client would take the stand and say, I was under the impression that I did not have a prior felony conviction, that they had been set aside or overruled or whatever. And there would be a jury instruction and the government would probably call in a probation officer or somebody who would say, no, we sat down with him after his plea. He filled out a form as is typical when you go on supervised release and it says what you can do and can't do. And one of the things very clearly they're going to be able to prove in future cases is that they told him you cannot possess a firearm. Now, this is not unlike a situation conceivably where a person received a presidential pardon or a gubernatorial pardon or even the one exception to using SIS cases in Missouri. Typically, the court, the federal courts treat SIS as an admission of guilt and therefore you get points for it under the sentencing guidelines. Ironically, that's the one area where if you have an SIS, you're no longer a disqualified person from possessing a firearm once the SIS is complete. Is that under federal law, under the definition under section 921 or is that in Missouri? Because it seems we've got to focus on the language of the federal statute to determine whether you've been carved out of the felon category. Absolutely. And that is an exception. That stems from the fact that a lot of police officers and military personnel were involved in domestic violence and suddenly they're losing police officers and military so they carved out an exception if it's an SIS under Missouri law or something similar under other states which have a deferred prosecution. Those people are eligible to have a firearm. So there are exceptions where you could conceivably be an eligible person to have a firearm and if you were pardoned by the governor in a state case or you were pardoned by the president in a federal case. Go right ahead. I was going to ask you about substantial rights and Judge Kelly had asked you earlier about what it would look like. And I understand you would get a jury instruction to be tried before a jury. But here's the problem on the substantial rights from the record. We have seven felonies and presumably the prosecution that if you can test it would be able to say, well, he has seven felonies involving this much time in prison. And how could he not have known. And then you have the statement that's right after the incident saying basically this isn't great and I can't take this charge. I'm leaving out the expletive. At that point how can we possibly say maybe there's something else I'm missing that is substantial rights were affected by the error. Well, your honor. And they talk about all of these cases that came up first were and I'll get your answer here in just a second. Most of these cases were guilty pleas initially and they said no, you know, it's your substantial rights aren't affected you play guilty. There have been a couple of cases since then involving juries, and we can talk about that later. But the point is, it's an element of the offense, and it's an element of the offense that has to be proven. And so I don't see how when it's not charged in the indictment. It's not instructed on, and there's no proof in the case that you can say is substantial rights were not affected. Well, that's the Nader case. I mean, if you go back about 20 years, the court said exactly that, which is you could have an element actually was harmless error, but the Supreme Court said you could have an element of the offense. It's never proven, never put in the indictment. And nevertheless, if the evidence is overwhelming, there was harmless error, but we didn't get that far in this case. Well, a couple of things would have happened. Judge case made it very clear. If you take the stand and testify to this, I'm going to instruct the jury to disregard it. And had I got up and I know Judge Case very well, tried a number of cases in front of him, and I got up and started arguing that to a jury under the existing law as it then existed, I would be potentially in contempt of court and violating the court's rules and directive. This is not unlike a tax protester case, which I've done a number of those. And where you tell your client, I'll put on a good faith defense for you, and you can go in and mea culpa and believe and tell the jury you believed that at the time this was the law. But now you're sorry. You know, it's not the law, but you can't put that tax press protester on a stand and have him testify that the amendment was never properly passed. There's all these other reasons why we shouldn't have to pay taxes and everything. So this is kind of similar to that. We were in a bind. Had he testified, he'd have been confronted with his prior convictions. And under the elements as they existed at that time, it was a slam dunk for the prosecution. I mean, you're right, Your Honor. He's got a horrible record. And they would have. And they were, in fact, all tried it out in front of or would have. And I believe they put them in this substantive evidence, some of them. And so we were between a rock and a hard spot as far as tactics. Now, the other point most of, as I said, most of these cases involved guilty pleas where they tested it by harmless error standard. I don't think you can apply harmless error to this case. I think it's clearly a matter. And I discussed this in the standard of review. It's an odd standard of review issue also, because there's no dispute as to the facts. I think the court has to rule on this de novo. And again, I could not find a single case where anybody has taken this approach to their defense or they've gotten up and said, I have a defense. And they tried to put it on. The court let them put it on because that wasn't the law then. We admit, and the government makes much of the fact, one, that we preserved our sufficient to the evidence argument at the close of the case by the prosecution. We did not renew it. I admit that we did not renew it at the close of all the case. But the government cites a footnote which says clearly that the law in the Eighth Circuit says now we don't have to. So we don't have a situation of a harmless error test on sufficiency in my view because of that. Thank you. Mr. Osgood, you've used your time. If there's another topic you'd like to address. Well, I can give you a little bit of rebuttal if you need it after opposing counsel. I'm covered. Mr. Wagner. Thank you. And may it please the court, David Wagner for the United States. I'd like to jump in where Mr. Osgood left off and address the standard of review for this case because I think it's been clarified by this court's recent decision in a case called Owens. Now, Owens held that if a sufficiency of the evidence argument is preserved at trial, then the standard of review is the general standard for sufficiency of the evidence. Meaning, taking the evidence in the light most favorable to the verdict, could any rational juror have found the elements of the offense beyond a reasonable doubt? Here, of course, it's our position, the government's position, that the sufficiency challenge was not preserved. And I think the earliest cases from this circuit which comport with language from the Supreme Court would indicate that by not renewing a sufficiency challenge after a defendant puts on his or her own evidence, an earlier motion for judgment of the acquittal raised at the close of the government's case is waived at that point. And I think that's what happened here. However, I don't know that the court needs to grapple with that issue in this case because I think the court can take an approach similar to what the court took in Owens and find that even if the sufficiency challenge had been preserved, the evidence is amply sufficient to show that Mr. Robinson knew that he was a felon. Of course, in Owens, this court held that by itself, a defendant's stipulation to having been convicted of a felony is sufficient evidence to show knowledge of felony status under Rae Haidt. And here there was much more evidence. The jury here actually heard what Mr. Robinson's prior felony convictions were for. And they included violent crimes such as first-degree robbery, second-degree assault, and armed criminal action. I think there was some discussion earlier about the statements that Mr. Robinson made after he was detained, which showed... ...that Mr. Robinson knew he had a felony conviction and that our case law does analyze these Rae Haidt issues in that way. But this seems to take it one step further. And that's what you focused on in your brief. What I heard the proffer to say was, I am in the carve-out of Section 921 definition. I had my rights restored. Now, wouldn't that then mean, in just a pure sense, that he wouldn't have been prohibited from possessing firearms if, in fact, someone like him had his rights restored? So I think it depends on what the individual wanted to say. And that would determine whether their testimony would actually even be admissible. Here I think what Mr. Robinson was trying to say is that he thought felons in Missouri could possess guns. And yes, Judge Kelly, as you pointed out, he did use the terms, his rights being restored. But he was using that phrase to make the more general point that he thought all felons in Missouri can possess guns. He wasn't tying it. Let me push back a little bit on that. Does that matter? I mean, right now we're kind of we're kind of exploring the boundaries of this and sort of let's say that what for purposes of this question that Mr. Robinson said, I thought I was pardoned. I really thought I had was pardoned with a restoration of my firearm rights. What would your response be in terms of how you would proceed with a trial like that? I think I think if his testimony was with respect to his particular convictions that he was pardoned, then I do think that after that evidence would be admissible and it would be up to the jury to determine whether he in fact, assuming that belief was mistaken, of course, and his his his convictions hadn't actually been pardoned would be up to the jury to make a finding as to whether he genuinely held that belief. And there may be a case. I don't think this is the one, but there may be a case where the defendant could present credible testimony that he thought his convictions were pardoned that might that might negate the element of knowledge of felony status. How do we deal with in this situation that and I understand that you feel that Mr. Robinson didn't present that type of kind of tidy representation of his beliefs. But given that the state of the law at the time was such that the district court fairly promptly shut him down and said that's not relevant. And so there really was no reason to to propose a more thorough proffer or engage in that conversation any further. How do we deal with that aspect of it in the sense that it wasn't even relevant then? Well, I think I think there's two points to that. First of all, I think it's important to keep in mind what issue has been raised on appeal. The issue on appeals is the sufficiency of the evidence. There was no evidence presented to the jury about his belief. And Mr. Robinson has not challenged the district court's ruling that his testimony about his belief about being able to possess a gun. He's not challenged that ruling that that was inadmissible. But it wasn't. But it wasn't at the time. So you think that he had to in order to preserve this, he had to to object at the time? No, I'm not saying that he needed to object at the time. I'm saying that he needed to present before this court an issue of a challenge to the district court's ruling on admissibility. And he hasn't done that. He has only challenged the sufficiency of the evidence. So the court should be looking to the evidence in the record, not to the evidence that would have been in the record. Is this really a sufficiency challenge? And the reason why I say that is when I was when I was talking to opposing counsel, it really seems like a plein air challenge, right? Because what you're doing in a sufficiency challenge is you're discounting what he could have presented and minimizing the air. A sufficiency challenge ordinarily arises when you're saying the government didn't present enough evidence. That's not really what we have here. And maybe he mislabeled it. But is that really the standard of review that we should apply? I think after Owens, yes, it is. But I think here it's a little bit different because he didn't preserve the sufficiency challenge. But I think Owens instructs it. It was preserved. Yes, that's the standard of review that should be applied. Most of our past cases, just to be completely honest, view this as a challenge to the jury instructions, which I think is kind of a fiction. But we view it that way. This seems to be right in that line of cases about challenges to the jury instructions. What I heard Mr. Osgood saying is, look, the jury was never instructed on this. The jury never heard it. And my client never got to testify. That sounds an awful lot like our plein air cases. And I don't disagree with that. And before Owens, that's how I thought about this case, too. But I think Owens changed things a little bit and did look at it as a sufficiency of the evidence challenge. But I completely agree, it's a little bit strange to talk about was the evidence sufficient for a jury to find an element that the jury was never instructed to find. But either way you cut it, I think, whether it's plein air based on jury instructions or sufficiency of the evidence, the court should affirm. I'd like to go back, though, to Judge Kelly's question about what Mr. Robinson said here. And I think the important distinction here is the difference between knowledge and willfulness. And I think what Mr. Robinson wanted to testify about was a willfulness defense. He wanted to testify that he thought felons could possess guns. And that would be willful, that he thought he was allowed to have a gun. The statute does not impose a willfulness requirement. It's only knowledge. And the only relevant knowledge is of a defendant's felony status. So Mr. Robinson's belief that he, as a felon, could have a gun is simply irrelevant. And I think today, even after Rae Hayes, the district court would be correct in holding that his testimony about his belief of being allowed to possess a gun is inadmissible. I think it's just not relevant to his belief about whether he knew he was a felon. Aren't those two different things, though? First, you could have the situation where he says, yes, I know I was convicted of a felony, but I'm not sure I follow that. Then it's not relevant for him to be able to testify. But I thought my rights were restored. I thought that's how it worked. I mean, it could be that no jury would believe it. But it seems to me that it goes to his knowledge as to whether he falls into the category of persons who is prohibited from possessing firearms. Sure. But I think the difference is between him wanting to testify about that his rights were restored with respect to his particular convictions. And I think that narrowing comes exactly from the language of 921A20 itself, which talks about when convictions are expunged or pardoned. Because it talks about any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored. The focus is really on what has happened with the status of the defendant's convictions. That's not what Mr. Robinson wanted to testify about. He wanted to testify that everyone in Missouri, whether they were a felon or not, could possess a gun. That's really a defense of willfulness. And even after Rae Haith, the government doesn't need to show that he willfully violated the statute. So you're saying that the proffer would have to be connected to one or more of his prior felony convictions rather than just sort of a general belief unconnected to those convictions following the language of the statute. That's exactly right, Your Honor. And I see my time is up. If the court has any further questions, I'd be happy to answer them. But otherwise, I've asked the court to affirm. I see none. Mr. Osgood, in light of the conversation that we had with Mr. Wagner, do you have any response? We'll give you a minute if you would like it. There is a case that came out in June 19th of 2020. You might want to take a look at it, Your Honor. It's United States v. Crumble. And the number on it is 19-2197, 8th Circuit, June 19th. It is close. It was a guilty plea where the individual tried to set aside his guilty plea because he wanted to raise the issue of he believed he was not an eligible person under the statute. It's an odd case, but I'd suggest the court read that. It's the closest thing I could find to our factual situation here. And the government has harkened back once again to the fact you're a felon, period. It's the end of the story. And that's not what Rehaft says. Rehaft says status. And remember, it was dealing with an immigration case, not a gun case. And so I think the court has asked questions that are pertinent about what did he know. And this is not a Second Amendment case. He's not claiming all felons under the Second Amendment were supposed to have guns. That's not what he claimed. He claimed he believed his rights were restored under Missouri law. And he's not talking about every other person in Missouri. He's talking about himself. And that's where it's at. I think this court needs to reverse it. And I know no one wants to turn a convicted felon with nine prior felonies loose on the street. But by the same token, if the law is on his side, that's what it requires. And we all just have to grit our teeth and turn this guy loose. And I think that's what this court should do. May I make one comment, Judge Skelley? Of course you may. Well, Mr. Osgood, I must have to confess that I came to this argument, something like the fellow who ran into a country church revival meeting, came to scoff and he remained to pray. I'm taking this case much more seriously, frankly, than I did before I heard your argument, which may be a compliment, I hope. I hope so, Your Honor. Thank you. Well, thank you to both counsel. We appreciate your arguments and we appreciate your willingness to appear by video. We will take the matter under advisement.